IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN FRANCES CURRAN and MARNI CSANKA<br><br>Plaintiffs,<br><br>v.<br><br>SHANTI CARLISLE HOSPITALITY, LLC, d/b/a HOLIDAY INN EXPRESS & SUITES CARLISLE<br><br>Defendant. | CIVIL ACTION - LAW<br><br>NO. 1:21-cv-00899-JEJ |

**ANSWER AND AFFIRMATIVE DEFENSES AND CROSSCLAIM OF SHANTI CARLISE HOSPITALITY, LLC d/b/a HOLIDAY INN EXPRESS & SUITES OF CARLISLE TO PLAINTIFFS' AMENDED C OMPLAINT**

1. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred. Accordingly, they are deemed denied and strict proof demanded.

2. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred. Accordingly, they are deemed denied and strict proof demanded.

3. Admitted that Answering Defendant is a corporation registered with the Commonwealth of Pennsylvania and operating at the address alleged.

{W1309841.1}

4. Denied as stated. Answering Defendant is a corporation. It is admitted that Mr. Patel is a citizen and resident of the Commonwealth at the address alleged. It is denied that he is the sole member of the organization.

5. The corresponding paragraph is addressed to Co-Defendant and, accordingly, no responsive pleading is required.

6. The corresponding paragraph is a conclusion of law requiring no responsive pleading. To the extent a pleading may be deemed required, it is denied that the amount in controversy is met.

7. The corresponding paragraph is a conclusion of law requiring no responsive pleading. To the extent a pleading may be deemed required, it is admitted that Answering Defendant is incorporated and located within the Middle District of Pennsylvania.

8. The corresponding paragraph is a conclusion of law requiring no responsive pleading. To the extent a pleading may be deemed required, as to Plaintiffs' status, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred. Accordingly, they are deemed denied and strict proof demanded.

9. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the

matters averred. Accordingly, they are deemed denied and strict proof demanded.

10. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred. Accordingly, they are deemed denied and strict proof demanded.

11. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred. Accordingly, they are deemed denied and strict proof demanded.

12. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred. Accordingly, they are deemed denied and strict proof demanded.

13. Admitted that Plaintiffs were checked into a room on the third floor on that date.

14. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred. Accordingly, they are deemed denied and strict proof demanded.

15.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred.  Accordingly, they are deemed denied and strict proof demanded.

16.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred.  Accordingly, they are deemed denied and strict proof demanded.

17.     Admitted that the elevator in question had been sold, installed, serviced and tested by Co-Defendant in the weeks before the accident.

18.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred.  Accordingly, they are deemed denied and strict proof demanded.

19.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred.  Accordingly, they are deemed denied and strict proof demanded.

20.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the

matters averred. Accordingly, they are deemed denied and strict proof demanded.

21. It is admitted that Plaintiff spoke to an employee at the front desk. As to the remainder, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred. Accordingly, they are deemed denied and strict proof demanded.

22. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred. Accordingly, they are deemed denied and strict proof demanded.

23. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred. Accordingly, they are deemed denied and strict proof demanded.

24. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred. Accordingly, they are deemed denied and strict proof demanded.

25. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred. Accordingly, they are deemed denied and strict proof demanded.

26. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred. Accordingly, they are deemed denied and strict proof demanded.

27. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred. Accordingly, they are deemed denied and strict proof demanded.

28. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred. Accordingly, they are deemed denied and strict proof demanded.

29. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred. Accordingly, they are deemed denied and strict proof demanded.

{W1309841.1}

30.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred. Accordingly, they are deemed denied and strict proof demanded.

31.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred. Accordingly, they are deemed denied and strict proof demanded.

32.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters averred. Accordingly, they are deemed denied and strict proof demanded.

33.     The corresponding paragraph is a conclusion of law requiring no responsive pleading. To the extent a pleading may be deemed required, it is denied that Defendant was negligent or caused any injury to Plaintiff.

34.     The corresponding paragraph is a conclusion of law requiring no responsive pleading. To the extent a pleading may be deemed required, it is denied that Defendant was negligent or caused any injury to Plaintiff.

35.     The corresponding paragraph is a conclusion of law requiring no responsive pleading.  To the extent a pleading may be deemed required, it is denied that Defendant was negligent or caused any injury to Plaintiff.

36.     The corresponding paragraph is a conclusion of law requiring no responsive pleading.  To the extent a pleading may be deemed required, it is denied that Defendant was negligent or caused any injury to Plaintiff.

## COUNT I

37.     Answering Defendant incorporates by reference the preceding paragraphs as though fully set forth as length.

38.     Admitted.

39.     Admitted.

40.     The corresponding paragraph is a conclusion of law requiring no responsive pleading.  To the extent a pleading may be deemed required, it is denied that Defendant was negligent or caused any injury to Plaintiff.

41.     The corresponding paragraph is a conclusion of law requiring no responsive pleading.  To the extent a pleading may be deemed required, it is denied that Defendant was negligent or caused any injury to Plaintiff.

WHEREFORE, Defendant demands judgment.

## COUNT II

42. Answering Defendant incorporates by reference the preceding paragraphs as though fully set forth as length.

43. - 48. The corresponding paragraphs are addressed to Co-Defendant and, accordingly, no responsive pleading is required.

WHEREFORE, Defendant demands judgment.

## COUNT III

49. Answering Defendant incorporates by reference the preceding paragraphs as though fully set forth as length.

50. - 54. The corresponding paragraphs are addressed to Co-Defendant and, accordingly, no responsive pleading is required.

WHEREFORE, Defendant demands judgment.

## COUNT IV

55. Answering Defendant incorporates by reference the preceding paragraphs as though fully set forth as length.

56. - 60. The corresponding paragraphs are addressed to Co-Defendant and, accordingly, no responsive pleading is required.

WHEREFORE, Defendant demands judgment.

## COUNT V

61.     Answering Defendant incorporates by reference the preceding paragraphs as though fully set forth as length.

62.     The corresponding paragraph is a conclusion of law requiring no responsive pleading.  To the extent a pleading may be deemed required, it is denied that Defendant was negligent or caused any injury to Plaintiff.

   WHEREFORE, Defendant demands judgment.

## FIRST AFFIRMATIVE DEFENSE

Defendant had no notice of any dangerous or defective condition.

## SECOND AFFIRMATIVE DEFENSE

The elevator in question had been recently installed and maintained by a professional elevator company.

## THIRD AFFIRMATIVE DEFENSE

The actions of individuals or entities beyond the control of Answering Defendant may have caused or contributed to Plaintiff's injuries.

## FOURTH AFFIRMATIVE DEFENSE

Should the evidence so reveal, Plaintiff may have been comparatively negligent.

## FIFTH AFFIRMATIVE DEFENSE

Should the evidence so reveal, Plaintiff may have waived or released any purported cause of action against Defendant.

{W1309841.1}

## SIXTH AFFIRMATIVE DEFENSE

The amount in controversy fails to meet the jurisdictional requirements.

WHEREFORE, Defendant demands judgement.

## CROSSCLAIM

1.      For the purposes of this Crossclaim only, the allegations of Plaintiffs' Amended Complaint with respect to Co-Defendant are incorporated herein by reference as though fully set forth at length.

2.      In fact, the elevator in question had been sold and installed at the hotel approximately one month prior to the accident by Third Party Defendant, Thyssenkrupp Elevator Corp (hereinafter "TK".)

3.      The elevator was subject to a warranty and service agreement.

4.      It is believed that the subject elevator was the subject of a maintenance contract US 191721 with TK.  Said contract has been requested of TK"s third party administrator but has not been provided to date.

5.      It is respectfully submitted that the maintenance contract would provide for the defense and indemnification of Shanti for the allegations made in Plaintiffs' Complaint.

6.      Moreover, TK sold and installed the elevator through a 11/7/18 TK subcontract with the general contractor, Weaver Construction.  The subcontract is attached hereto, incorporated herein and marked as Exhibit B.

{W1309841.1}

7.     In that subcontract, Shanti is named as the "owner."

8.     That contract provides:

> N. The Subcontractor agrees that all work shall be done subject to the final approval of the Contractor and the Municipality.
>
> O. The Subcontractor shall, to the fullest extent of the law, indemnify, defend, and hold harmless the Contractor, owner, architect, engineer, and their respective directors, officers, employees and other indemnified parties identified in the prime contract, from and against all claims, damages, losses, and expenses including attorney's fees arising out of or resulting from the performance of the subcontractor's work under this Subcontract, provided that any such claim, damage, loss or expense is caused in whole or in part by any negligent or intentional act or omission of the Subcontractor or anyone directly or indirectly employed by him or anyone for whose acts he may be liable, regardless of whether it is caused in part by a party indemnified hereunder.

9.     Pursuant to the contract, TK was to defend, indemnify and hold harmless Shanti for the allegations as set forth in Plaintiffs' Complaint.

10.    The contract further provides:

> **8. SUBCONTRACTOR'S LIABILITY INSURANCE:** Prior to starting work, the Subcontractor shall obtain insurance specific to this Project naming Contractor, Owner, and any other party identified in the prime contract as an additional insured in the amount of **$1,000,000.00** from a responsible insurer with an A- rating or better, and shall furnish satisfactory evidence to the Contractor that the Subcontractor has complied with the requirements of this provision. The Certificate of Insurance shall name Contractor as an ADDITIONAL INSURED for Auto Liability as well as Commercial General Liability and Umbrella Liability for the on-going AND Completed Operations on a primary and non-contributory basis using form CG 2010 1185 or equivalent form.
>
> The Contractor and Subcontractor waive all rights against each other, against the Owner, and against all other subcontractors for damages caused by fire or other perils to the extent covered by property insurance provided under the General Conditions, except such rights as they may have to the proceeds of such insurance.
>
> To the fullest extent permitted by applicable state law, a Waiver of Subrogation Clause shall be added to the General Liability, Automotive Liability, Workers Compensation, and Umbrella Liability policies in favor of Contractor, Owner, and any other party identified in the prime contract, and this clause shall apply to the Contractor's officers, agents and employees, with respect to all projects during the policy term.
>
> The Subcontractor shall purchase and maintain such insurance as will protect Subcontractor from claims under workmen's compensation acts and other employee benefit acts, from claims for damages because of bodily injury, including death, and for claims for damages to property which may arise out of or result from the Subcontractor's operations under this Subcontract, whether such operations be by Subcontractor or by any subcontractor or anyone directly or indirectly employed by any of them. This insurance shall be written with the following minimum limits:
>
> A. General Liability (Including Completed Operations Coverage)
>    $1,000,000.00 per/occurrence
>    $2,000,000.00 General Aggregate.
>    $1,000,000.00 Products Completed Operations
>
>    Completed operations coverage shall be maintained for 12 years after the date of Substantial Completion of work
>
> B. Auto Liability
>    $1,000,000.00 Combined Single Limit
>
> C. Workers' Compensation and Employers-Liability
>    $1,000,000.00 per/Accident
>    $1,000,000.00 Bodily Injury by Disease
>    $1,000,000.00 Bodily Injury by Disease (Per Occurence Aggregate)
>
> D. Commercial Umbrella Liability
>    $5,000,000.00 Occurrence Limit
>    $5,000,000.00 Aggregate Unit (where applicable)
>
> E. Professional Liability Insurance (If Applicable)
>    $1,000,000.00 per/claim
>    $1,000,000.00 aggregate
>
>    Professional liability insurance must extend at least 3 years after the date of Substantial Completion of Work and is only required if Scope requires drawing/design and/or calculations.
>
> The Subcontractor agrees to obtain, maintain and pay for general liability insurance coverage that will insure the provisions of this section and other contractual indemnification assumed by the Subcontractor in this Subcontract.
>
> **GENERAL AND UMBRELLA LIABILITY AGGREGATE MUST BE ON A "PER PROJECT" BASIS**

11.     Moreover, Shanti was a named additional insured under the attached Certificate of Insurance of TK, attached hereto, incorporated herein and marked as Exhibit C.

12.     On June 25, 2011, the defense and indemnification of Shanti was tendered to TK through its third party administrator, Sedgwick, citing these very provisions and requesting the maintenance contract.

13.     When no response was received, a second tender was sent to TK's representative Sedgwick on 7/20/21.

14.     Sedgwick finally acknowledged the tender and indicated it would be providing a finalized response.

15.     In fact, as of the time of the filing of this Crossclaim, neither the contract nor a response to the tender has been provided.

## **COUNT I - NEGLIGENCE**

16.     The above paragraphs are incorporated by reference.

17.     Without admitting the truth of the allegations asserted therein, Shanti incorporates by reference Plaintiffs' Amended Complaint as though fully set forth herein.

18.     If Plaintiffs' allegations are proven true, said allegations against Shanti being heretofore denied, then any injuries sustained by Plaintiff were

{W1309841.1}

caused by the negligence of TK in failing to properly construct, provide, install, service and maintain the elevator in question.

19.     If Plaintiffs' allegations are proven true, said allegations against Shanti being heretofore denied, then TK is exclusively and/or primarily liable to Plaintiffs for any and all damages and is liable to Shanti for indemnity for the claims, including fees and expenses, or in the alternative, is jointly and severally liable to Plaintiffs or liable over to Shanti for contribution and/or indemnity.

WHEREFORE, Defendant demands judgment.

## COUNT II -BREACH OF EXPRESS AND IMPLIED WARRANTIES

20.     The above paragraphs are incorporated by reference.

21.     Without admitting the truth of the allegations asserted therein, Shanti incorporates by reference Plaintiffs' Amended Complaint as though fully set forth herein.

22.     Pursuant to its' contract with Weaver, TK warranted as follows:

> F. The Subcontractor warrants that all materials and equipment furnished and incorporated by it in the Project shall be new unless otherwise specified, and that all Work under this Subcontract shall be of good quality, free from faults and defects and in conformance with the Contract Documents. All work not conforming to these standards may be considered defective. The warranty provided in the provision shall be in addition to and not in limitation of any other warranty or remedy accorded by law or by the Contract Documents.

23.     It is believed and therefore averred that the maintenance contract will have similar language and obligations for TK.

24. At all times, TK expressly and impliedly warranted that the materials provided and the work performed would be of good and workmanlike quality and free of all defects of the nature alleged by Plaintiff.

25. If Plaintiffs' allegations are proven true, said allegations against Shanti being heretofore denied, then any injuries sustained by Plaintiff were caused by the breach of express and implied warranties of TK in failing to properly construct, provide, install, service and maintain the elevator in question.

26. If Plaintiffs' allegations are proven true, said allegations against Shanti being heretofore denied, then TK is exclusively and/or primarily liable to Plaintiffs for any and all damages and is liable to Shanti for indemnity for the claims, including fees and expenses, or in the alternative, is jointly and severally liable to Plaintiffs or liable over to Shanti for contribution and/or indemnity.

WHEREFORE, Defendant demands judgment

## **COUNT III – STRICT LIABILITY**

27. The above paragraphs are incorporated by reference.

28. Without admitting the truth of the allegations asserted therein, Shanti incorporates by reference Plaintiffs' Amended Complaint as though fully set forth herein.

29. The elevator in question was manufactured, sold, supplied and installed by TK.

30. To the extent that Plaintiffs' assertions aver a defective elevator was the cause of her injuries, then TK is strictly liable for the manufacture, sale, supply and installation of an allegedly defective product.

31. If Plaintiffs' allegations are proven true, said allegations against Shanti being heretofore denied, then TK is exclusively and/or primarily liable to Plaintiffs for any and all damages and is liable to Shanti for indemnity for the claims, including fees and expenses, or in the alternative, is jointly and severally liable to Plaintiffs or liable over to Shanti for contribution and/or indemnity.

WHEREFORE, Defendant demands judgment.

## COUNT IV -- CONTRACTUAL INDEMNITY

32. The above paragraphs are incorporated by reference.

33. Without admitting the truth of the allegations asserted therein, Shanti incorporates by reference Plaintiffs' Amended Complaint as though fully set forth herein.

34. Pursuant to the contract with Weaver as set forth above and attached, and the maintenance contract, TK was to indemnify and hold Shanti harmless for claims and suits such as this.

35. Pursuant to the contract with Weaver as set forth above and attached, and the maintenance contract, TK was to provide insurance coverage for Shanti as an additional insured to defend and indemnify Shanti for claims and suits such as this.

36. The defense and indemnity of Shanti has been tendered to TK.

37. TK and its carrier have failed and/or refused to defend, indemnify and hold   Shanti harmless.

38. As such, TK has breached its contracts with Shanti and continues to do so.

39. If Plaintiffs' allegations are proven true, said allegations against Shanti being heretofore denied, then TK is exclusively and/or primarily liable to Plaintiffs for any and all damages and is liable to Shanti for indemnity for the claims, including fees and expenses, or in the alternative, is jointly and severally liable to Plaintiffs or liable over to Shanti for contribution and/or indemnity.

   WHEREFORE, Defendant demands judgment

**FOWLER HIRTZEL MCNULTY & SPAULDING, LLP**

Dated: October 19, 2021        By: 

JOSEPH F. MCNULTY, JR., ESQUIRE
PA Atty. I.D. No. 35385
4949 LIBERTY LANE, SUITE 330
ALLENTOWN, PA 18106
P: (484) 408-0301
F: (484) 550-7992
E: jmcnulty@fhmslaw.com

Attorneys for Defendant, Shanti Carlisle Hospitality, LLC d/b/a Holiday Inn Express & Suites Carlisle

{W1309841.1}

**VERIFICATION**

I, _Akash Patel_ hereby state that the facts set forth in the preceding *Shanti Carlisle Hospitality, LLC d/b/a Holiday Inn Express & Suites Carlisle's Answer with Affirmative Defenses and Crossclaim to Plaintiffs' Complaint* are true and correct to the best of my knowledge, information, and belief. I further state that the foregoing was prepared with the advice and assistance of counsel. The undersigned makes this Verification subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

To the extent that the foregoing contains legal conclusions or opinions, I hereby state that this Verification is made upon the advice of counsel, upon whom I have relied in the filing of this document.

Dated: _10/18/21_

_____
Akash Patel

{W1309841.1}

## **CERTIFICATE OF SERVICE**

This is to certify that on the 19th day of October, 2021, I served a true and correct copy of the **Answer with Affirmative Defenses and Crossclaim to Plaintiffs' Amended Complaint,** to the following via electronic filing service:

*Counsel for Plaintiffs:*
Thomas R. Kline, Esquire
Dominic C. Guerinni, Esquire
Kine & Spector
1525 Locust Street
Philadelphia, PA 19102

**FOWLER HIRTZEL MCNULTY & SPAULDING, LLP**

Dated: October 19, 2021          By: _____

JOSEPH F. MCNULTY, JR., ESQUIRE
PA Atty. I.D. No. 35385
4949 LIBERTY LANE, SUITE 330
ALLENTOWN, PA 18106
P: (484) 408-0301
F: (484) 550-7992
E: jmcnulty@fhmslaw.com

Attorneys for Defendant, Shanti Carlisle Hospitality, LLC d/b/a Holiday Inn Express & Suites Carlisle

{W1309841.1}